

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. H. Franks
County Judge
Menard County
Menard, Texas

Dear Judge Franks:

Opinion No. 0-4599
Re:  County Attorney serving in armed
     forces - when entitled to $5.00
     fee on pleas of guilty.

Under the provisions of Article 4399, Revised Civil
Statutes, this department is prohibited from rendering legal
opinions to county judges, but in view of the fact that your
county is at present without the services of a county attor-
ney we feel it not inappropriate to answer your question. We
quote from your request as follows:

"I need information and owing to the fact
that our county attorney is now serving in the
Armed forces I am presenting the question.

"An offender is brought into Justice Court
on a misdemeanor charge. The County attorney
is absent, serving in the armed forces and has
been granted a leave of absence without pay
for the remainder of his elected term. The de-
fendant pleads guilty and pays a fine and costs
of court including an attorney fee of $5.00. Is
the County attorney entitled to receive the
$5.00 or what disposition should be made of the
$5.00."

We enclose herewith for your information a copy of
opinion No. 0-2533 of this department which holds, among other
things, that the Commissioners' Court neither has the author-
ity to grant a leave of absence to the county attorney to enter
the armed forces nor the power to declare his office vacant
if he does enter the armed forces.

Menard County, Texas, has a population of less than
20,000 inhabitants according to the last preceding Federal census.

Honorable W. H. Franks, Page 2

We assume from your letter that its officers are compensated on a fee basis.

Articles 1068 and 1070, Vernon's Annotated Texas Code of Criminal Procedure, read as follows:

"Art. 1068. If the defendant pleads guilty to a charge before a justice, the fee allowed the attorney representing the State shall be five dollars. The attorney who represents the State in a criminal action in a justice's court shall receive, for each conviction on a plea of not guilty, where no appeal is taken, ten dollars.

"Art. 1070. No fee shall be allowed a district or county attorney in any case where he is not present and representing the State, upon the trial thereof, unless he has taken some action therein for the State, or is present and ready to represent the State at each regular term of the court in which such criminal action is pending; provided, that when pleas of guilty are accepted in any justice court, at any other time than the regular term thereof, the county attorney shall receive the sum of five dollars. In no case shall the county attorney, in consideration of a plea of guilty remit any part of his lawful fee."

You are respectfully advised that it is the opinion of this department:

1. Where the county attorney has taken some action in the case for the State in the justice court he would be entitled to the $5.00 fee on a plea of guilt in the justice court regardless of whether he was present in the justice court at the time the plea was entered. For example, if your county attorney filed a complaint in justice court before he left to join the Army he would be entitled to the $5.00 fee if the defendant subsequently plead guilty.

2. If the county attorney has not taken any action in such a case and is not present and ready to represent the State at a regular term of the justice court and a defendant pleads guilty at such regular term the county attorney would not be entitled to the fee. Nor would the county be entitled to the fee. If no fee is due the county attorney it should not be charged against the defendant.

Honorable W. H. Franks, Page 3

3. If the defendant plead guilty in justice court at any time other than the regular term of such court the county attorney would be entitled to a $5.00 fee even though he was not present and had taken no action in the case.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO

APPROVED MAY 26, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN